UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**LOREN DAVID READ,**

    Petitioner,

v.                                                             Case No: 5:23-cv-139-WFJ-PRL

**WARDEN, FCC COLEMAN – LOW,**

    Respondent.
_____

## ORDER DISMISSING CASE

Petitioner, proceeding *pro se*, initiated this case by filing a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1).

### I. BACKGROUND

In 2022, Petitioner pleaded guilty to attempted enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). *See* Case No. 6:21-cr-82-WWB-RMN (M.D. Fla.). Petitioner was sentenced to 180 months in prison. Petitioner's direct appeal is still pending. *See* Case No. 23-10271 (11th Cir.).

### II. ANALYSIS

The Judiciary Act of 1789 granted federal courts the power to issue the writ of habeas corpus. *See United States v. Hayman*, 342 U.S. 205 (1952). The habeas remedy is now codified in 28 U.S.C. § 2241, subsection (c)(3) of which provides that the writ of habeas corpus shall not extend to a prisoner unless the prisoner is "in custody in

violation of the Constitution or laws or treaties of the United States." As noted in *Hayman*, prisoners must bring habeas corpus applications in the district of confinement. 342 U.S. at 213. Because courts with federal prisons in their jurisdictional boundaries became inundated with habeas petitions, and because the materials, witnesses, and other evidence which had a significant bearing on the determination of the legality of a sentence were generally located in the district where sentence was imposed rather than where the prisoner was confined, in 1948 Congress enacted § 2255 of Title 28. *See Hayman*, 342 U.S. at 212-14, 218; *see also Wofford v. Scott*, 177 F.3d 1236, 1239 (11th Cir. 1999).

The language of § 2255 suggests, and the Eleventh Circuit has expressly concluded, that this statute channels challenges to the legality of the imposition of a sentence, while leaving § 2241 available to challenge the continuation or execution of an initially valid confinement. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351-52 (11th Cir. 2008); *United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990) (explaining § 2255 is primary method of collateral attack on federally imposed sentence). Thus, § 2241 provides an avenue for challenges to matters such as the administration of sentences or parole, prison disciplinary actions, prison transfers, and certain types of detention. *See Antonelli*, 542 F.3d at 1352 (petition challenging decision of federal Parole Commission is properly brought pursuant to § 2241); *Thomas v. Crosby*, 371 F.3d 782, 810 (11th Cir. 2004) (petition challenging pre-trial detention is properly brought pursuant to § 2241); *Bishop v. Reno*, 210 F.3d 1295, 1304 n.14 (11th

Cir. 2000) (petition challenging Bureau of Prisons' administration of service credits, including calculation, awarding, and withholding, involves execution rather than imposition of sentence, and thus is matter for habeas corpus).

In this case, Petitioner raises four claims: (1) "the government failed to provide evidence of subject matter when it failed to present proof of actual, under 18, participants"; (2) "Article III restricts judicial powers to 'case' or 'controversy' doctrines; without a harm to legally cognizable right than a 'case' doesn't exist, for merits determinations to begin"; (3) due process violations based on claims 1 and 2; and (4) Eighth Amendment violations based on claims 1 and 2. (Doc. 1 at 6–7). Petitioner is challenging the validity of his conviction and sentence, not the execution of his sentence.

A collateral attack on the validity of a federal conviction and sentence is properly brought under 28 U.S.C. § 2255 in the district of conviction. *See, e.g., Antonelli*, 542 F.3d at 1351-52; *Sawyer v. Holder*, 326 F.3d 1353, 1365 (11th Cir. 2003); *Jordan*, 915 F.2d at 629. *Accord McCarthan*, 851 F.3d at 1089. The Eleventh Circuit has explained that, "[i]n general, a federal prisoner seeking to challenge the legality of his conviction or sentence has two bites at the apple: one on direct appeal, and one via a § 2255 motion." *Williams v. Warden, Fed. Bureau of Prisons*, 713 F.3d 1332, 1339 (11th Cir. 2013). The Eleventh Circuit has also explained:

> Since 1948, Congress has required that a federal prisoner file a motion to vacate, 28 U.S.C. § 2255, instead of a petition for a writ of habeas corpus, id. § 2241, to collaterally attack the legality of his sentence. *See* Pub. L. No. 80-773, 62 Stat. 869, 967–68. A motion to vacate allows a prisoner to contest his sentence "upon the ground that the sentence was imposed

in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the "saving clause" at the end of that subsection:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

*McCarthan*, 851 F.3d at 1081. Thus, § 2255(e) bars a § 2241 petition seeking relief under the "saving clause" if the prisoner has not filed a § 2255 motion in the sentencing court or the sentencing court has denied relief, unless such § 2255 motion is inadequate or ineffective to test the legality of the detention. 28 U.S.C. § 2255(e); *see, e.g., McCarthan*, 851 F.3d at 1081.

In this case, Petitioner has a pending direct appeal and has not filed a § 2255 motion. "The general rule is that a defendant may not seek collateral relief while his direct appeal is pending." *United States v. Khoury*, 901 F.2d 975, 976 (11th Cir. 1990). Because of the pendency of the direct appeal, any § 2255 motion filed in the appropriate (sentencing) court should be dismissed without prejudice as the district court would not have jurisdiction to consider or rule on that motion until disposition of the direct appeal. *United States v. Dunham*, 240 F.3d 1328, 1329-30 (11th Cir. 2001).

In any event, this Court is not the proper court for a § 2255 motion filed by Petitioner as it is not the sentencing court. Nothing indicates a § 2255 motion is

inadequate or ineffective to test the legality of his detention such that he could proceed under § 2241's saving clause.

### III.  CONCLUSION

Thus, Petitioner has not shown entitlement to proceed under 28 U.S.C. § 2241. Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts (directing *sua sponte* dismissal if the petition and records show that the moving party is not entitled to relief), this case is **DISMISSED**. *See also* 28 U.S.C. § 2255(b). The **Clerk** is directed to enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Tampa, Florida, on May 26, 2023.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

Copies to: Pro Se Petitioner